UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher M. Elwell</u>

   v.                                          Case No. 18-cv-906-LM

<u>John Doe #1, Strafford County
Department of Corrections
Superintendent FNU Brackett,
John Doe #2, John Doe #3, and
John Doe #4</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is pro se plaintiff Christopher M. Elwell's amended civil rights complaint (Doc. Nos. 1, 8), filed pursuant to 42 U.S.C. § 1983. The amended complaint is before this magistrate judge for preliminary review, pursuant to <u>28 U.S.C. §§ 1915(e)(2)</u>, 1915A; LR 4.3(d)(1).

**<u>Background</u>**

Plaintiff is a prisoner of the State of New Hampshire. He claims the defendants violated his federal constitutional right to be free from cruel and unusual punishment when they failed to protect him from injury by another inmate. The violations allegedly occurred while Plaintiff was in the custody of three Strafford County Sherriff's Department ("SCSD") deputies.

Plaintiff was arrested on June 24, 2017 for aggravated felonious sexual assault. He asserts that because of the nature

1

of his crime, he was housed for his own safety in an administrative protective unit at the Strafford County House of Corrections ("SCHC") while awaiting trial and sentencing. Plaintiff contends that the Strafford County Sheriff, identified in the amended complaint as John Doe #1, was directly responsible for the oversight and operation of the Sheriff's Department and the SCHC and that Superintendent ("Supt.") Brackett was directly responsible for the administration and operation of the SCHC.

According to plaintiff, on November 30, 3017, defendants John Doe #2 and John Doe #3, SCSD deputies, transported plaintiff and Josiah Davies, an inmate from a general population unit, from the SCHC to the Strafford County Superior Court. In the courtroom, John Doe #4, a SCSD deputy and courtroom officer, seated plaintiff and Davies next to each other on the same bench. Plaintiff alleges that during the proceedings, Davies told the three deputies not to seat him next to plaintiff because of the nature of plaintiff's offense, but the deputies ignored Davies.

After plaintiff was sentenced, the deputies again seated him next to Davies. Plaintiff alleges Davies immediately head-butted him twice – in the face and forehead – in the presence of the three deputies, causing swelling of plaintiff's cheekbone and forehead. Upon his return to the SCHC, plaintiff was

2

examined by medical personnel, who noted no other injuries. Plaintiff asserts that video of the assault was televised, and the incident was reported in the newspaper and on social media. Plaintiff alleges Davies subsequently was criminally charged with assault by a prisoner and assault by an inmate.

Plaintiff was transferred to the New Hampshire State Prison ("NHSP") where, at his request, he was housed in the protective custody unit. He asserts that he was threatened while in protective custody and had to request to be housed in the NHSP's Special Housing Unit, which provided additional protection.

Plaintiff contends that because of the defendants' failure to protect him from the assault and because of the widespread media and social media coverage of the assault, he has suffered physical injury, threats of harm, extortion attempts, several months of extreme mental and emotional stress and harm, and fear for his safety, which have required him to remain in protected custody. Plaintiff seeks $50,000 in punitive damages and $150,000 in compensatory damages. Plaintiff does not seek equitable relief.

### **Preliminary Review Standard**

The court screens complaints filed by incarcerated plaintiffs proceeding in forma pauperis to determine, among other things, whether the plaintiff has asserted any claim upon

3

which relief might be granted or seeks monetary relief from any defendant who is immune from the relief sought.  See to 28 U.S.C. §§ 1915(e)(2), 1915A; LR 4.3(d)(1).  To determine if the pleading states a claim upon which relief can be granted, the court first disregards any parts of the pleading that amount to legal conclusions; next, takes as true all well-pleaded facts in the plaintiff's complaint, the inferences reasonably drawn from those facts, implications from documents incorporated into the complaint, and facts subject to judicial notice; and finally, construes those facts in a light most favorable to the plaintiff's theory of liability.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).  In determining whether a pro se pleading states a claim upon which relief can be granted, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).


**Discussion**

I.  Eighth Amendment Claims

   A.  Elements

   Section 1983 provides a remedy against persons who, while acting under color of state law, deprive others of rights secured by the federal constitution or federal law.  Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015).  The Eighth

Amendment guarantees the right of those convicted of crimes to be free from "cruel and unusual punishments." Whitley v. Albers, 475 U.S. 312, 318 (1986) (quoting U.S. Const. amend. VIII). A properly stated Eighth Amendment claim must allege a subjective and objective element. Hudson v. McMillian, 503 U.S. 1, 8 (1992). First, it must appear from the complaint that the defendant official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the conduct must have been objectively, "sufficiently serious" to violate the Constitution. Id.

B. Endangerment/Failure to Protect

Under the Eighth Amendment, "[p]rison officials have a duty to . . . 'take reasonable measures to guarantee the [health and] safety of the[ir] inmates.'" Giroux v. Somerset Cty., 178 F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To state a claim that a prison officer failed to protect an inmate in violation of the Eighth Amendment, the inmate must allege facts showing that the officer was deliberately indifferent to the inmate's health or safety. See Farmer, 511 U.S. at 834. A prison official or officer is not deliberately indifferent to an inmate's safety "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

5

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

II. Supervisory Liability

Plaintiff sues the Strafford County Sheriff, identified in the amended complaint as John Doe #1, and SCHC Supt. Brackett in their capacities as overseers and administrators of the SCSD and/or the SCHC. Supervisors cannot be held liable in a § 1983 suit for damages under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In other words, liability cannot rest on a defendant's position of authority alone. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16 (1st Cir. 2011).

Liability for supervisors is only triggered under § 1983 if "a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." A plaintiff must allege a strong causal connection, or an "affirmative link between the behavior of a subordinate and the action or inaction of his supervisor . . . such that the supervisor's conduct led inexorably to the constitutional violation." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011) (omission in original) (citation and

6

internal quotation marks omitted).  Additionally, "the plaintiff must show that the official had actual or constructive notice of the constitutional violation." Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 768 (1st Cir. 2010) (citation and internal quotation marks omitted).

A supervisor "may be liable for the foreseeable consequences" of a subordinate's conduct if the supervisor "would have known of it but for his deliberate indifference or willful blindness." Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998) (citation and internal quotation marks omitted).  To establish deliberate indifference, a plaintiff must show "(1) grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk."  Id.

Plaintiff has not alleged any facts from which the court reasonably can infer that either the Strafford County Sheriff or Supt. Brackett had actual or constructive knowledge that plaintiff was being transported or seated in proximity to a general population inmate.  Even assuming, without deciding, that the circumstances plaintiff describes placed him in harm's way, without facts demonstrating that the supervisory defendants were actually or constructively aware of those circumstances, plaintiff cannot assert a claim for relief against those defendants for failure to protect.  See Rodríguez-García, 610

7

F.3d at 768  Therefore, the district court should dismiss Plaintiff's Eighth Amendment claims against defendants Strafford County Sheriff John Doe #1 and SCHC Supt. Brackett for failure to protect him from assault by inmate Josiah Davies.

III. Defendants John Doe #2, #3 and #4

In an Order issued simultaneously with this Report and Recommendation, the court has directed service of plaintiff's Eighth Amendment claims against defendants John Doe #2, #3, and #4.

**Conclusion**

For the foregoing reasons, the district judge should dismiss Plaintiff's Eighth Amendment claims against defendant John Doe #1, Strafford County Sheriff, and Strafford County Department of Corrections Superintendent FNU Brackett, and those defendants should be terminated from this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 13, 2020

cc:  Christopher M. Elwell, pro se