UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher M. Elwell

    v.                                    Civil No. 18-cv-906-LM
                                            Opinion No. 2022 DNH 004 P

Ed Correia, Bryant Scott,
and Matthew Dustin

O R D E R

Christopher M. Elwell, who is incarcerated and is proceeding pro se, brings claims under 42 U.S.C. § 1983 against Strafford County Sheriff's Department ("SCSD") deputies that arose from an incident at the Strafford County Superior Court when another inmate head-butted Elwell. Elwell moves to amend his complaint to add claims and defendants. The defendants object.

Standard of Review

At this stage of a case, a plaintiff must seek leave of court to amend his complaint. Fed. R. Civ. P. 15(a)(2). In general, leave to amend should be freely given "when justice so requires." Id. Motions to amend will not be granted, however, if there has been undue delay, bad faith, or undue prejudice to the opposing party, or if the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it fails to state a cause of action. Rife v. One W. Bank, 873 F.3d 17, 21 (1st Cir. 2017). In addition, when a motion for summary judgment is pending, the proposed amendment must be

supported by substantial and convincing evidence. Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004).

## Background

At the time of the incident at issue in this case, Elwell was being sentenced for aggravated felonious sexual assault. He alleges that, because he is a sex offender, he was housed for his own safety in an administrative protective unit at the Strafford County House of Corrections ("SCHOC") before sentencing. After sentencing, he was moved to the state prison.

He alleges that on November 30, 3017, SCSD deputies, Ed Correia, Bryant Scott, and Matthew Dustin transported Elwell and Josiah Davies, an inmate from a general population unit, from the SCHOC to the Strafford County Superior Court. In the courtroom, Dustin seated Elwell and Davies next to each other on the same bench. Elwell alleges that during the proceedings, Davies told the three deputies not to seat him next to Elwell because of the nature of Elwell's offense, but the deputies ignored Davies.

After Elwell was sentenced, the deputies again seated him next to Davies. Elwell alleges Davies immediately head-butted him twice – in the face and forehead – in the presence of the three deputies, causing swelling of plaintiff's cheekbone and forehead. When he returned to SCHOC, Elwell was examined by medical personnel, who noted no other injuries.

Elwell alleges that video of the assault was televised, and the incident was reported in the newspaper and on social media. He further alleges that Davies was criminally charged with assault by a prisoner and assault by an inmate. Elwell was transferred to the New Hampshire State Prison ("NHSP") where, at his request, he was housed in the protective custody unit. He asserts that he was threatened while in protective custody and had to request to be housed in the NHSP's Special Housing Unit, which provided additional protection.

Elwell contends that because of the defendants' failure to protect him from the assault and because of the widespread media and social media coverage of the assault, he has suffered physical injury, threats of harm, extortion attempts, several months of extreme mental and emotional stress and harm, and fear for his safety. Due to the threats against him, he has had to remain in protective custody. He seeks compensatory and punitive damages.

Discussion

In his motion to amend, Elwell asks to add the Strafford County Department of Corrections ("SCDOC"), the Chief of Security at the SCDOC, and two unnamed SCDOC correctional officers as defendants. He also moves to add a claim that the defendants violated his rights under Part I, Article 33 of the New Hampshire Constitution and a claim that SCDOC violated their policy of segregating sex offenders from general population inmates. The defendants object on the grounds that the proposed amendments are too late and fail to state viable causes of action.

3

A. <u>Claim under the New Hampshire Constitution</u>

Elwell seeks leave to add a claim against the three existing defendants along with the proposed new defendants that they violated Part I, Article 33 of the New Hampshire Constitution. As the defendants point out, Elwell raises this claim four years after the incident occurred, after the deadline for amending the complaint, and after the defendants filed their motion for summary judgment.

Because the deadline for amending the complaint has passed, Elwell must show good cause to amend the scheduling order to allow him to amend his complaint with the Article 33 claim. Fed. R. Civ. P. 16(b)(4). In addition, because the head-butting incident occurred more than three years ago, Elwell must show that the cause of action relates back to the claims in his original complaint. RSA 508:4(I); Fed. R. Civ. P. 15(c). Further, claims that a defendant violated the state constitution cannot be brought under § 1983. Holder v. Town of Newton, 09-cv-341-JD, 2010 WL 3211068, at *2 (D.N.H. Aug. 11, 2010). The New Hampshire Constitution does not provide remedies for violations, and the New Hampshire Supreme Court has not recognized a private cause of action under Part I, Article 33. See Khater v. Sullivan, 160 N.H. 372, 374-75 (2010); Marquay v. Eno, 139 N.H. 272, 282 (1995); Peters v. Univ. of N.H., 112 N.H. 120, 120-21 (1972); Bijeol v. Catano, 19-cv-749-JL, 2020 WL 5260342, at *12 (D.N.H. June 8, 2020).

Elwell does not provide good cause to amend the scheduling order or an adequate basis for relation back of this claim. Further, he does not state a viable

claim for violation of Part I, Article 33 of the New Hampshire Constitution. Therefore, that proposed claim is futile and cannot be included by amendment.

### B. New Claim against SCDOC, Security Chief, and SCDOC Officers

In support of his motion to amend, Elwell states that SCDOC has a long-standing policy to keep sex offenders separate from general population inmates. He further states that he recently learned that the Booking Officer was responsible for notifying transport personnel of security concerns. He also states that he was identified with an ALERT as a sex offender on the Offender Management System. He seeks leave to add a claim against the SCDOC, the Security Chief, and two corrections officers that they failed to follow the policy to keep sex offenders separate from general population inmates.

1. Claim against SCDOC

As the defendants contend in their objection, the SCDOC is Strafford County for purposes of this action. A municipality, including a county, may be liable under § 1983 only if the plaintiff presents evidence that a municipal policy, custom, or practice caused or condoned a constitutional violation or deprivation. Oullette v. Beaupre, 977 F.3d 127, 140 (1st Cir. 2020); Jordan v. Town of Waldoboro, 943 F.3d 532, 547 (1st Cir. 2019). Elwell does not allege that the incident with Davies was caused by a custom, policy, or practice of Strafford County.

Therefore, Elwell's proposed claim against SCDOC is futile.

2. <u>Merits of Second Proposed Claim</u>

Elwell alleges that the SCDOC has a custom, policy, or practice to keep sex offenders separate from general population inmates. He contends that his injury occurred because the Security Chief failed to keep informed about the security classifications of inmates and train staff in the policy. As a result, he contends, the SCDOC policy was not followed.

No cause of action exists for violation of a jail's policy or practice. Collins v. FCI Berlin Warden, 18-cv-1109-PB, 2021 WL 2903217, at *3 (D.N.H. June 15, 2021); Lisasuain v. Mattis, 19-cv-593-PB, 2021 WL 919893, at *4 (D.N.H. Feb. 11, 2021). Therefore, to the extent Elwell's proposed claim alleges that the new defendants are liable because they violated the SCDOC policy or practice to keep sex offenders separate from general population inmates, the claim is futile.

To the extent Elwell alleges that the new defendants violated the Eighth Amendment, that claim is also futile. Prison officials "must take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 828 (1994). To prove the claim, a plaintiff must show that the prison official was deliberately indifferent to a substantial risk of serious harm. <u>Id.</u> at 832. The deliberate aspect of the test means that the official must be aware of the substantial risk or of facts from which the inference may be drawn. Norton v. Rodrigues, 955 F.3d 176, 185 (1st Cir. 2020). And, indifference means that the official was aware of the risk and failed to respond in a reasonable manner. <u>Id.</u>

The SCSD deputies were present and supervising Elwell and Davies when the incident occurred. Neither the Security Chief nor the corrections officers were present during the incident. Elwell's allegations do not show that the Security Chief or the corrections officers were deliberately indifferent to a substantial risk of harm to Elwell at the Strafford County Superior Court. Therefore, Elwell fails to state a claim that the Security Chief or the corrections officers violated his Eighth Amendment rights.

Because that claim is futile, it cannot be added by amendment.

## Conclusion

For the foregoing reasons, Elwell's motion to amend (document no. 45) is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

January 4, 2022

cc: Christopher M. Elwell, pro se.
 Counsel of record.