UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher M. Elwell

    v.                                                    Civil No. 18-cv-906-LM
                                                           Opinion No. 2022 DNH 015 P

Ed Correia, Bryant Scott,
and Matthew Dustin

**O R D E R**

Christopher M. Elwell, who is incarcerated and is proceeding pro se, brings claims under 42 U.S.C. § 1983 against Strafford County Sheriff's Department deputies that arise from an incident at the Strafford County Superior Court when another inmate assaulted Elwell. The defendants move for summary judgment. Doc. no. 40. Elwell was granted an extension of time but did not file a response to the motion for summary judgment. For the following reasons, the defendants' motion for summary judgment is granted.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quoting Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the

record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021).

To oppose a motion for summary judgment on issues which the nonmoving party would bear the burden of proof at trial, the nonmoving party must provide competent evidence to show that a genuine factual dispute exists. Perez v. Lorraine Enters., 769 F.3d 23, 29-30 (1st Cir. 2014). The non-moving party cannot rely "upon conclusory allegations, improbable inferences, and unsupported speculation." Benson, 14 F.3d at 17. Further, in this district, "[a]ll properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." LR 56.1(b).

## BACKGROUND[1]

At the time of the incident at issue in this case, Elwell was incarcerated at the Strafford County House of Corrections on a charge of aggravated felonious sexual assault. Defendants Ed Correia, Bryant Scott, and Matthew Dustin worked for the Strafford County Sheriff's Office. Elwell's plea hearing and sentencing were scheduled at the Strafford County Superior Court on November 30, 2017.

Correia and Scott transported Elwell and another inmate, Josiah Davies, to court on November 30. Dustin was at the courthouse providing courtroom security.

---

[1] Because Elwell did not file a response to the motion for summary judgment, the defendants' properly supported facts are deemed admitted. The background information is taken from the defendants' factual statement.

2

No incidents occurred during the transport, and Correia and Scott were not aware of any threats against Elwell. Both Elwell and Davies were restrained with handcuffs secured to a waist belt or chain and were in leg irons for the entirety of the transport and the hearing.

During the hearing, Elwell pleaded guilty to the charges against him and was sentenced. After his hearing, Elwell went to the back of the courtroom, followed by his attorney and Correia, and sat down next to Davies. Despite his restraints, Davies was able to headbutt Elwell. Correia and Scott immediately intervened, and Dustin moved from the front of the courtroom to the rear where the incident occurred. When Davies was secured, Elwell was escorted out of the courtroom.[2]

Prior to the court appearance, none of the defendants was aware of the nature of the criminal charges pending against Elwell, of any threats against him, or of any need to provide him with protection from Davies or any other inmate. They were not aware that Elwell was held in protective custody at the Strafford County House of Corrections. Elwell did not know Davies and had not had any other interaction with him.

On preliminary review, Elwell's claims under the Eighth Amendment against Correia, Scott, and Dustin were allowed to proceed. Doc. no. 10. Elwell contends that the defendants failed to protect him from the assault, which caused him to suffer physical injury and other harm.

---

[2] A video recording was made of the incident, which the court has reviewed.

3

**DISCUSSION**

Correia, Scott, and Dustin move for summary judgment on the grounds that Elwell cannot show that they violated his Eighth Amendment rights. Alternatively, they contend that they are entitled to summary judgment based on qualified immunity. Because the summary judgment record establishes that defendants did not fail to protect Elwell in violation of the Eighth Amendment, there is no need to address qualified immunity.

Elwell's Eighth Amendment claims invoke the right of prisoners to be protected from harm inflicted by a fellow prisoner. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). That right, however, is limited to situations that meet two requirements. Norton v. Rodrigues, 955 F.3d 176, 185 (1st Cir. 2020). First, the circumstances or situation must have posed "a substantial risk of serious harm" to the plaintiff. Id. Second, the defendants must have been deliberately indifferent to the substantial risk to the plaintiff's safety. Id.

I.   Substantial Risk of Serious Harm

A substantial risk is an objectively intolerable risk. Lakin v. Barnhart, 758 F.3d 66, 71 (1st Cir. 2014) (citing Farmer, 511 U.S. at 846). A plaintiff can show that an objectively intolerable risk existed if there was a "strong likelihood that violence would occur," Purvis v. Ponte, 929 F.2d 822, 825 (1st Cir. 1991), or when the risk was pervasive, Lakin, 758 F.3d at 71.

4

Defendants argue that because both Elwell and Davies were restrained in handcuffs secured to a waist belt and leg irons while in the courtroom and were under constant supervision, there was no substantial risk of serious harm to Elwell. Defendants state in their affidavits that there were no incidents during the transport that would suggest that Elwell was in danger. There are no facts to show that Davies was dangerous, had ever harmed Elwell, or had a history of harming other prisoners.[3] Although Elwell has stated that he was housed in protective custody at Strafford County House of Corrections, he has not alleged (or provided evidence) that due to his classification, a substantial risk of harm existed for him in the courtroom.[4] Therefore, the summary judgment record does not show that a substantial risk of serious harm to Elwell existed when he was at the Strafford County Superior Court.

---

[3] Elwell alleged that Davies told defendants not to seat Elwell next to him after Elwell's sentencing. The record lacks evidence of that statement, and the video does not show a conversation between Davies and the defendants. Even if Davies made that request, it was insufficient under the circumstances to put defendants on notice that he presented a substantial risk of serious harm to Elwell, given the restraints on Davies and security in the courtroom.

[4] In some circumstances, such as in general population in the jail, a sex offender may be at increased risk of harm from other inmates, which was the apparent reason for Elwell's protected classification. Defendants, however, did not know of Elwell's classification. They also were unaware Elwell was charged with sexual assault until his hearing and sentencing.

II.     Deliberate Indifference

In addition, even if a substantial risk of serious harm to Elwell existed in the courtroom, the summary judgment record does not show that defendants were deliberately indifferent to that risk.  Deliberate indifference means that the officer must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  That is, the officer must have known of the risk and disregarded it.  Snell v. Neville, 998 F.3d 474, 497 (1st Cir. 2021).  An officer is not deliberately indifferent to the risk if he acted reasonably to avoid harm but was unsuccessful in that effort.  Farmer, 511 U.S. at 844-45.

Defendants in this case had no reason to be aware of a serious risk of harm to Elwell during the court proceedings.  As noted above, even if Davies told defendants not to seat Elwell next to him, the restraints on both men and the security in the courtroom reasonably addressed the risk of physical harm.  Although Davies managed to headbutt Elwell, nothing in the record shows or even suggests that defendants were aware that Davies might take that action (or any action to harm Elwell).  Thus, there is no evidence defendants deliberately ignored any known risk.

In sum, the record presented for summary judgment shows, based on undisputed facts, that Elwell cannot prove his Eighth Amendment claim against defendants.  For that reason, there is no need to address qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (document no. 40) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

February 7, 2022

cc: Christopher M. Elwell, pro se.
    Counsel of record.